JOHN B. STARK v. WILLIAM TREAT ET AL.

JUSTICE OF PEACE MAY HEAR EVIDENCE AND ARGUMENTS OUTSIDE OF HIS TOWNSHIP BY CONSENT.

> A justice of the peace who has jurisdiction of the subject-matter of a civil action, may by consent of all the parties, hear the evidence and arguments of counsel outside of the township in which he resides and for which he was elected. Such procedure is not, in such case, obnoxious to Lan. R. L. 914 (R. S. 582) defining the jurisdiction of justices in civil actions.

APPEAL from Cuyahoga common pleas court.

**William Howell,** for plaintiff.

**J. W. Sykora,** for defendants, cited:

Laning R. L. 914 (R. S. 582) ; *Butt* v. *Green,* 29 Ohio St. 667; *Mason* v. *Alexander,* 44 Ohio St. 318 [7 N. E. Rep. 435] ; *Collins* v. *Bingham Bros.* 12 C. D. 825 (22 R. 533) ; *Mobile* v. *Emanuel,* 42 U. S. 95.

**MARVIN, J.** (Orally.)

The defendant, Treat, was a justice of the peace of Brooklyn township, in this county. The defendant, Bell, was a special constable acting for said justice of the peace. The defendant brought a suit against the plaintiff, Stark, before the defendant, Treat, the justice of the peace.

The papers, summons and the like, in this suit were issued by said justice in Brooklyn township, where he lived, and in which township he was elected.

By consent of all the parties to the case, the testimony was taken in the township and city of Cleveland, in the same county. The judgment was entered upon the docket of the justice of Brooklyn township. Whether the actual writing was done in Brooklyn township or not does not appear. It is immaterial. The only question is: May a justice of the peace, having jurisdiction of the subject-matter, by consent of all the parties, hear the evidence and the arguments outside of the township in which he lives and for which he was elected.

The statute on the subject is Lan. R. L. 914 (R. S. 582), which provides:

"The jurisdiction of justices of the peace, in civil cases, unless otherwise directed by law, is limited to the township wherein they have been elected, and wherein they reside; but no justice of the peace shall hold court outside the limits of the township for which he was elected."

The statute, as it now reads, was enacted on April 19, 1898 (93 O. L. 146). Prior to that, the section read exactly as it now reads, with the exception of the words, "But no justice of the peace shall hold court outside of the limits of the township for which he was elected." That sentence was added as an amendment to the statute as it was before. Should it be held that the statute as it now is prohibits a justice of the peace from hearing the evidence in a case and the arguments of counsel in a township other than his own, where the parties consent? It seems to us that the addition of these words to the section make it mean nothing other than it meant before. The justice had no jurisdiction before outside of his township and it is only by virtue of statutes giving jurisdiction that courts have jurisdiction. It is a well-known fact that this court while sitting in this county has jurisdiction in Cuyahoga county only, and yet it is not an unusual thing for this court by agreement of parties, to hear the evidence and arguments in appeal cases, and to hear the arguments in proceedings in error in this county of cases pending in other counties. It is not unusual that parties request that the hearing be here; and we have in the same way heard in Summit county cases pending in Medina county.

Cuyahoga County.

There is a provision in the statutes that cases may be certified from one county to another, but not acting under that but simply by the consent of the parties the case may be heard in another county; it has been done again and again. It is not an extraordinary thing. I have in mind now a case which lasted a considerable length of time, where a judgment of the court of common pleas of the second subdivision of this judicial district was heard by a judge of that subdivision in this county, which is, I think, the third subdivision. When the parties have all consented that the hearing of a case shall be in a given place, there seems to be no good reason why such hearing should not be treated as a hearing within the limits of the territory in which the court has jurisdiction. There are a number of authorities that go to support the proposition that parties may consent to a hearing outside of the territorial jurisdiction of the court. A case directly in point is found in *Cheesman* v. *Hart*, 42 Fed. Rep. 98. The facts in the case were these:

A judge of the district court of the United States was assigned by one of the judges of the Supreme Court of the United States to sit in a circuit other than that in which he resided, to wit, in the district of Colorado. That was lawful, and the judge could be assigned so to sit. He went to Colorado and heard the case in that district. Motion for new trial was made. He went home to Nebraska, outside of the district of Colorado, and, by consent of all the parties, heard the motion for a new trial at his own home. His jurisdiction was thereafter questioned, and this language was used by the court, page 105:

"My jurisdiction to pass upon this motion is called in question on the ground that I am now acting under the order of Judge Brewer, which sent me to Colorado to hold circuit court in aid of the district judge. It was the pending litigation between these parties mainly which induced Judge Brewer to send me to Colorado, partly owing to the fact that Judge Hallett wished to be relieved from sitting in the cause on account of his relation to some of the parties. The trial of the cause would have been incomplete without a final disposition of the motion for a new trial. The right to try the principal cause carries with it the incident. Had I remained at that court until the coming in of the motion for new trial, four days after the verdict, as I might well have done, no question could possibly arise as to my jurisdiction to pass upon the motion. Equally true must it be that I might have returned to Colorado after the motion was filed, and taken it up and decided it. Counsel for both parties having agreed to waive the necessity or burden of such trip to me, my right to pass upon this motion must be viewed as if I had gone to Colorado, or remained there in the first instance, to hear the motion."

Stark v. .Treat.

We think that reasoning is good; that, applied to this case, the justice of the peace hearing the evidence and the argument in this township, by the consent of the parties, it is to be treated as having been heard in the township of Brooklyn and the case is to be treated as though tried in the township of Brooklyn. The suit here is brought to enjoin the justice, the constable and the plaintiff in the original action, from taking any steps toward the enforcement of judgment obtained by plaintiff against the defendant, Stark. We think the petition should be dismissed. That will be done.

**Hale** and **Winch, JJ.**, concur.